# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JOE BROWN** | **CIVIL ACTION** |
| **VERSUS** | **NO. 17-6332** |
| **ROBERT TANNER, WARDEN** | **SECTION "G"(4)** |

## ORDER AND REASONS

Before the Court are Petitioner Joe Brown's ("Petitioner") objections to the Report and Recommendation of the United States Magistrate Judge assigned to the case.[1] Petitioner, a state prisoner incarcerated in the B.B. "Sixty" Rayburn Correctional Center in Angie, Louisiana, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.[2] The Magistrate Judge recommended that the petition be dismissed with prejudice on the merits.[3] Petitioner objects to the Magistrate Judge's recommendation.[4] After reviewing the petition, the State's response, the Magistrate Judge's Report and Recommendation, Petitioner's objections, the record, and the applicable law, the Court will overrule Petitioner's objections, adopt the Magistrate Judge's recommendation, and dismiss this action with prejudice.

---

[1] Rec. Doc. 18.

[2] Rec. Doc. 3.

[3] Rec. Doc. 15.

[4] Rec. Doc. 18.

# I. Background

*A.    Factual Background*

On November 21, 2007, Petitioner was charged by Bill of Information in the 23rd Judicial District Court for the Parish of St. James with three counts of armed robbery with a firearm.[5] On January 14, 2009, following a two-day jury trial, Petitioner was found guilty as charged on all three counts.[6] Petitioner subsequently filed a motion for a new trial,[7] which was denied on January 11, 2010.[8] The same day, the trial court sentenced Petitioner to a term of 60 years imprisonment as to each count, to be served concurrently and without benefit of parole, probation, or suspension of sentence.[9] Petitioner subsequently filed a motion to reconsider the sentence, which the trial court denied on March 8, 2010.[10]

On November 15, 2011, the Louisiana Fifth Circuit Court of Appeal affirmed Petitioner's convictions.[11] However, the Louisiana Fifth Circuit found that the sentences were indeterminate because the trial court did not specify whether the sentences were imposed pursuant to a firearm enhancement and remanded the matter for resentencing.[12] On December 12, 2011, the Louisiana Fifth Circuit denied Petitioner's request for rehearing.[13]

---

[5] State Rec., Vol. I of VI, Bill of Information, Nov. 21, 2007.

[6] State Rec., Vol. I of VI, Verdict, Jan. 14, 2009.

[7] State Rec., Vol. I of VI, Motion for New Trial, Jun. 30, 2009.

[8] State Rec., Vol. I of VI, Sentencing Minutes, Jan. 11, 2010.

[9] *Id.*

[10] State Rec., Vol. 1 of VI, Minute Entry, Mar. 8, 2010.

[11] *State v. Brown*, 2011-KA-864 (La. App. 5 Cir. 11/15/11); 80 So. 3d 547.

[12] *Id.*

[13] *Id.*

On January 9, 2012, the trial court sentenced Petitioner to serve concurrent terms of 60 years imprisonment on each armed robbery count and to serve a concurrent term of five years imprisonment on each count for the gun enhancement.[14] The trial court ordered that the five-year term would be served consecutive to the 60-year term, and all sentences were to be served without benefit of parole, probation, or suspension of sentence.[15]

On April 20, 2012, the Louisiana Supreme Court denied Petitioner's related writ application without stated reasons.[16]

On October 23, 2012, Petitioner filed an application for post-conviction relief with the state trial court.[17] The trial court denied the application in part on May 22, 2015,[18] and set a hearing on Petitioner's claim that he received ineffective assistance of counsel when his counsel allegedly failed to inform him of a plea offer.[19] The trial court conducted the hearing on July 13, 2015, but ultimately denied Petitioner's claim by a written order dated September 29, 2015.[20] The Louisiana Fifth Circuit denied Petitioner's related writ application on December 11, 2015,[21] and the Louisiana Supreme Court also denied relief on May 12, 2017.[22]

---

[14] State Rec., Vol. I of VI, Sentencing Minutes, Jan. 9, 2012.

[15] *Id.*

[16] *State v. Brown*, 2012-KO-27 (La. 4/20/12); 85 So. 3d 1268.

[17] State Rec., Vol. IV of VI, Application for Post-Conviction Relief, Oct. 23, 2012.

[18] State Rec., Vol. V of VI, Order Denying Application for Post-Conviction Relief In Part, May 22, 2015.

[19] State Rec., Vol. V of VI, Order Setting Evidentiary Hearing, May 22, 2015.

[20] State Rec., Vol. V of VI, Order Denying Application for Post-Conviction Relief, Sept. 29, 2015.

[21] *State v. Brown*, 15-KW-673 (La. App. 5 Cir. 12/11/15); State Rec. Vol. V of VI.

[22] *State ex rel Brown v. State*, 16-KH-0100 (La. 5/12/17); 219 So. 3d 321.

On July 17, 2017, Petitioner filed the instant federal habeas petition.[23] In the petition, Petitioner raises the following grounds for relief: (1) his trial counsel was ineffective for failing to investigate the witnesses and victims before trial; (2) the trial court erred by restricting his post-conviction evidentiary hearing to only one of his ineffective assistance of counsel claims regarding the advice on a plea offer; (3) the trial court erred by denying him appointed counsel for the evidentiary hearing; and (4) the trial court erred by denying him the right to subpoena witnesses for the evidentiary hearing.[24] On August 22, 2017, the State filed a response, arguing that three of Petitioner's claims were in procedural default.[25] On September 12, 2017, Petitioner filed a reply brief arguing that the procedural default should be excused because of his lack of knowledge and good faith.[26]

## B. *Report and Recommendation Findings*

The Magistrate Judge recommended that this Court dismiss the petition with prejudice.[27] First, the Magistrate Judge determined that the State's procedural bar defense was unavailing.[28] The Magistrate Judge noted that the Louisiana Supreme Court denied relief on Petitioner's ineffective assistance of counsel claim and indicated that Petitioner had no right to an evidentiary hearing on his other claims.[29] Therefore, because the Louisiana Supreme Court addressed the

---

[23] Rec. Doc. 3.

[24] *Id.*

[25] Rec. Doc. 11.

[26] Rec. Doc. 14.

[27] Rec. Doc. 10.

[28] *Id.* at 10.

[29] *Id.*

4

merits of Petitioner's claim, the Magistrate Judge found that the claims were not in procedural default, and also proceeded to address the merits of Petitioner's claims.[30]

The Magistrate Judge found no merit to Petitioner's claim that his trial counsel was ineffective for failing to interview witnesses and victims and subpoena a bartender to determine how much the victims drank the night of the crime.[31] The Magistrate Judge stated that Petitioner had not shown what the investigation would have shown.[32] Furthermore, the Magistrate Judge noted that it was not clear what exculpatory or impeachment information subpoenaing the bartender would have disclosed, especially since the victims were standing outside of the bar and one victim had just driven up when Petitioner approached her.[33] Additionally, the Magistrate Judge noted that Petitioner had not specified what information his trial counsel could have obtained from the bartender or victims that was not already available to the defense by some other means.[34] Therefore, the Magistrate Judge found that Petitioner's generalized claims remained unsupported and conclusory, which was not sufficient to establish a deficiency in or prejudice from his counsel's performance.[35] Accordingly, the Magistrate Judge determined that Petitioner had not established that the state courts' denial of relief was contrary to or an unreasonable application of federal law.[36]

---

[30] *Id*.

[31] *Id*. at 15–17.

[32] *Id*. at 15–16.

[33] *Id.* at 16.

[34] *Id.*

[35] *Id.*

[36] *Id*. at 17.

The Magistrate Judge also found that Petitioner was not entitled to relief on his claims that the trial court erred by restricting his post-conviction evidentiary hearing to one of his ineffective assistance of counsel claims about the plea deal, by denying him appointed counsel for the evidentiary hearing, and by denying him the right to subpoena witnesses for the evidentiary hearing.[37] As an initial matter, the Magistrate Judge noted that the state record reflects that Petitioner had appointed counsel during the evidentiary hearing.[38] Alternatively, the Magistrate Judge noted that it is a "longstanding rule that prisoners are not entitled to counsel during habeas proceedings and thus cannot state a claim for ineffective assistance during those proceedings."[39] The Magistrate Judge also noted that it is well settled that "federal habeas corpus relief cannot be granted to remedy errors which occurred in state post-conviction proceedings."[40] Accordingly, the Magistrate Judge concluded that this Court is without authority under the AEDPA to consider or address any procedural infirmity alleged to have occurred in Petitioner's state court post-conviction review.[41]

## II. Objections

### A. *Petitioner's Objections*

Petitioner objects to the Magistrate Judge's Report and Recommendation.[42] First, Petitioner repeats his claims that the trial court erred by restricting his post-conviction evidentiary

---

[37] *Id.* at 17–18.

[38] *Id.* at 17.

[39] *Id.* (quoting *Cousin v. Lensing*, 310 F.3d 843, 848 (5th Cir. 2002)).

[40] *Id.* at 18 (citing *Nichols v. Scott*, 69 F.3d 1255, 1275 (5th Cir. 1995); *Morris v. Cain*, 186 F.3d 581, 585 n.6 (5th Cir. 1999); *Hallmark v. Johnson*, 118 F.3d 1073, 1080 (5th Cir. 1997)).

[41] *Id.*

[42] Rec. Doc. 18.

6

hearing to one of his ineffective assistance of counsel claims about the plea deal, and by denying him the right to subpoena witnesses for the evidentiary hearing.[43]

Second, Petitioner contends that he received ineffective assistance of trial counsel.[44] Petitioner asserts that the identity of the robber was a key issue at trial because none of the witnesses could give a description of the perpetrator.[45] Furthermore, Petitioner argues that his counsel failed to subpoena the 911 tapes.[46] Petitioner asserts that subpoenaing the tapes would have revealed that no 911 call actually existed.[47] Petitioner contends that the outcome of the trial would have been different if his trial counsel had been prepared to challenge the prosecutor's statement that Petitioner was identified as the perpetrator during the 911 call.[48]

### B. *State's Opposition*

The State of Louisiana did not file a brief in opposition to Petitioner's objections despite receiving electronic notice of the filing.

### III. Standard of Review

### A. *Review of the Magistrate Judge's Report and Recommendation*

In accordance with Local Rule 73.2, this case was referred to the Magistrate Judge to provide a Report and Recommendation. The District Judge "may accept, reject, or modify the recommended disposition" of a Magistrate Judge on a dispositive matter.[49] The District Judge must

---

[43] *Id.* at 1.

[44] *Id.*

[45] *Id.*

[46] *Id.*

[47] *Id.* at 2, 4.

[48] *Id*. at 4.

[49] Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1).

7

"determine *de novo* any part of the [Report and Recommendation] that has been properly objected to."[50] The District Court's review is limited to plain error for parts of the report which are not properly objected to.[51]

B. *Standard of Review Under the AEDPA*

Following the enactment of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), the standard of review used to evaluate issues presented in habeas corpus petitions was revised "to ensure that state-court convictions are given effect to the extent possible under law."[52] For questions of fact, federal courts must defer to a state court's findings unless they are "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."[53] A state court's determinations on mixed questions of law and fact or pure issues of law, on the other hand, are to be upheld unless they are "contrary to, or involve[ ] an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States."[54]

Regarding this standard, the U.S. Court of Appeals for the Fifth Circuit further explains:

A state-court decision is contrary to clearly established precedent if the state court applies a rule that contradicts the governing law set forth in the Supreme Court's cases. A state-court decision will also be contrary to clearly established precedent if the state court confronts a set of facts that are materially indistinguishable from a decision of the Supreme Court and nevertheless arrives at a result different from Supreme Court precedent. A state-court decision involves an unreasonable application of Supreme Court precedent if the state court identifies the correct

---

[50] Fed. R. Civ. P. 72(b)(3).

[51] *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending time to file objections from ten to fourteen days).

[52] *Bell v. Cone*, 535 U.S. 685, 693 (2002).

[53] 28 U.S.C. § 2254(d)(2).

[54] 28 U.S.C. § 2254(d)(1).

8

governing legal rule from the Court's cases but unreasonably applies it to the facts of the particular state prisoner's case.[55]

If Supreme Court case law "give[s] no clear answer to the question presented, let alone one in [the petitioner's] favor, 'it cannot be said that the state court unreasonably applied clearly established Federal law.'"[56] Additionally, "unreasonable is not the same as erroneous or incorrect; an incorrect application of the law by a state court will nonetheless be affirmed if it is not simultaneously unreasonable."[57]

### IV. Law and Analysis

A. *Ineffective Assistance of Counsel Claim*

Petitioner objects to the Magistrate Judge's finding that Petitioner is not entitled to relief on his ineffective assistance of counsel claims.[58] Specifically, Petitioner argues that his trial counsel performed ineffectively by failing to subpoena the tape of a 911 call where Petitioner was allegedly identified as the perpetrator of the shooting.[59] Petitioner asserts that subpoenaing the tapes would have revealed that no 911 call actually existed.[60] Therefore, the Court reviews this issue *de novo*.[61]

To succeed on an ineffective assistance of counsel claim, a petitioner must demonstrate both that counsel's performance was deficient and that the deficient performance prejudiced his

---

[55] *Wooten v. Thaler*, 598 F.3d 215, 218 (5th Cir. 2010) (citations and quotation marks omitted).

[56] *Wright v. Van Patten*, 552 U.S. 120, 126 (2008) (quoting *Carey v. Musladin*, 549 U.S. 70, 77 (2006)).

[57] *Puckett v. Epps*, 641 F.3d 657, 663 (5th Cir. 2011) (quotation marks omitted).

[58] Rec. Doc. 18.

[59] *Id.* at 2.

[60] *Id.* at 2, 4.

[61] Fed. R. Civ. P. 72(b)(3).

9

defense.[62] If a court finds that a petitioner fails on either of these two prongs it may dispose of the ineffective assistance claim without addressing the other prong.[63] To satisfy the deficient performance prong, a petitioner must overcome a strong presumption that the counsel's conduct falls within a wide range of reasonable representation.[64] Petitioner must show that the conduct was so egregious that it failed to meet the constitutional minimum guaranteed by the Sixth Amendment.[65] Courts addressing this prong of the test for ineffective counsel must consider the reasonableness of counsel's actions in light of all the circumstances.[66] To prevail on the actual prejudice prong, a petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."[67] A reasonable probability is "a probability sufficient to undermine confidence in the outcome."[68]

In considering Petitioner's claims on federal habeas corpus review that are repetitive of claims already made to a state court, the central question "is not whether a federal court believes the state court's determination under *Strickland* was incorrect but whether [it] was unreasonable— a substantially higher threshold."[69] In addition, "because the *Strickland* standard is a general standard, a state court has even more latitude to reasonably determine that a defendant has not

---

[62] *Strickland v. Washington*, 466 U.S. 668, 697 (1984).

[63] *Id.* at 697.

[64] *See Crockett v. McCotter*, 796 F.2d 787, 791 (5th Cir. 1986); *Mattheson v. King*, 751 F.2d 1432, 1441 (5th Cir. 1985).

[65] *See Styron v. Johnson*, 262 F.3d 438, 450 (5th Cir. 2001).

[66] *See Strickland*, 466 U.S. at 689.

[67] *Id*. at 694.

[68] *Id*.

[69] *Knowles v. Mirzayance*, 556 U.S. 111, 112 (2009) (quoting *Schriro v. Landrigan*, 550 U.S. 465, 478 (2007)).

satisfied that standard."[70] Thus, this standard is considered "doubly deferential" on habeas corpus review.[71]

"A defendant who alleges a failure to investigate on the part of his counsel must allege with specificity what the investigation would have revealed and how it would have altered the outcome of the trial."[72] Petitioner asserts that his counsel's failure to investigate and subpoena the 911 call records prejudiced his defense because an investigation would have revealed that no call existed. However, Petitioner does not present any evidence to support this assertion. Therefore, Petitioner has not shown that his counsel performed deficiently by failing to subpoena the 911 call records.

The convictions at issue in this case arise out of robberies of three individuals that occurred in the early morning hours of September 29, 2007, outside of JJ's Bar in Gramercy, Louisiana.[73] The next day, Detective Brett Forsythe of the St. James Parish Sheriff's Office was advised that the Gramercy Police Department received a tip from an anonymous caller that Petitioner had committed the armed robbery outside of JJ's Bar.[74] Detective Forsythe compiled a photographic lineup.[75] Two of the victims did not identify their assailant at the first viewing, because they indicated that they were scared.[76] However, in separate interviews two days later, the two victims

---

[70] *Id.*

[71] *Id.*

[72] *Druery v. Thaler*, 647 F.3d 535, 541 (5th Cir. 2011) (quoting *Nelson v. Hargett*, 989 F.2d 847, 850 (5th Cir. 1993); *United States v. Green*, 882 F.2d 999, 1003 (5th Cir. 1989).

[73] *Brown*, 80 So. 3d at 550.

[74] *Id.*

[75] *Id.*

[76] *Id.* at 551.

11

positively identified Petitioner in the photographic lineup.[77] At trial, all three victims identified Petitioner as the assailant.[78] The victims identifications were also corroborated by the testimony of another individual, who identified Petitioner as the man she had spoken to while standing outside of the bar on the night of the crime.[79]

Even accepting as true Petitioner's assertion that a 911 call identifying him as the perpetrator does not exist, he has not shown how his counsel's failure to subpoena the call records prejudiced the defense. All three victims identified Petitioner as the perpetrator at trial, and their testimony was corroborated by another individual placing Petitioner outside the bar on the night of the crime. Therefore, Petitioner has not shown that there is a reasonable probability that, but for counsel's failure to subpoena the 911 call records, the result of the proceeding would have been different.

Petitioner does not object to the Magistrate Judge's findings that Petitioner is not entitled to relief on his claims that his trial counsel performed ineffectively in failing to interview witnesses and subpoena the bartender. Reviewing these issues for plain error,[80] and finding none, the Court adopts the Magistrate Judge's recommendation that Petitioner is not entitled to relief on these claims. Therefore, for the reasons set forth in this Order and the Report and Recommendation adopted by this Court, the Court concludes that the state courts' denial of relief on Petitioner's ineffective assistance of trial counsel claims was not contrary to or an unreasonable application of Supreme Court law.

---

[77] *Id*.

[78] *Id*.

[79] *Id*. at 551.

[80] Fed. R. Civ. P. 72(b)(3).

## B. *Claims Regarding Alleged Errors in the State Post-Conviction Process*

Petitioner objects to the Magistrate Judge's determination that Petitioner is not entitled to relief on his claims that the trial court erred by restricting his post-conviction evidentiary hearing to one of his ineffective assistance of counsel claims about the plea deal, and by denying him the right to subpoena witnesses for the evidentiary hearing.[81] Therefore, the Court reviews these issues *de novo*.[82]

Federal habeas corpus relief cannot be granted to remedy errors which occurred in state post-conviction proceedings. As the United States Fifth Circuit Court of Appeals has explained, "[a]n attack on a state habeas proceeding does not entitle the petitioner to habeas relief in respect to his conviction, as it is an attack on a proceeding collateral to the detention and not the detention itself."[83] The Fifth Circuit has also held that federal courts "are without jurisdiction to review the constitutionality of [a petitioner's] state postconviction proceedings."[84] Accordingly, Petitioner is not entitled to federal habeas relief on his claims that the state trial court erred in conducting its post-conviction proceedings.

## V. Conclusion

For the reasons stated above, Petitioner has not shown that the state courts' denial of relief on his ineffective assistance of counsel claims was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United

---

[81] Rec. Doc. 18 at 1.

[82] Fed. R. Civ. P. 72(b)(3).

[83] *Nichols v. Scott*, 69 F.3d 1255, 1275 (5th Cir. 1995) (internal citations and quotation marks omitted); *See also Morris v. Cain*, 186 F.3d 581, 585 n.6 (5th Cir. 1999) ("[O]ur circuit precedent makes abundantly clear that errors in state postconviction proceedings will not, in and of themselves, entitle a petitioner to federal habeas relief."); *Hallmark v. Johnson*, 118 F.3d 1073, 1080 (5th Cir. 1997) ("[I]nfirmities in state habeas proceedings do not constitute grounds for relief in federal court.").

[84] *Kinsel v. Cain*, 647 F.3d 265, 273–74 (5th Cir. 2011).

States. Additionally, Petitioner is not entitled to federal habeas relief on his claims that the state trial court erred in conducting its post-conviction proceedings. Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's objections are **OVERRULED**;

**IT IS FURTHER ORDERED** that the Court **ADOPTS** the Magistrate Judge's recommendation and Petitioner Joe Brown's petition for issuance for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is **DENIED** and **DISMISSED WITH PREJUDICE**.

**NEW ORLEANS, LOUISIANA,** this  29th  day of April, 2019.

                                            **NANNETTE JOLIVETTE BROWN**
                                            **CHIEF JUDGE**
                                            **UNITED STATES DISTRICT COURT**